# IN THE COURT OF APPEALS OF IOWA

No. 19-1818
Filed July 22, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LAFAYETTE DEAN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Lafayette Dean appeals his conviction of domestic abuse assault impeding air or blood flow causing serious injury. **AFFIRMED.**

Martha Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Law enforcement officers were informed that a woman was assaulted by her partner. They arrived at the scene and spoke to Lafayette Dean, who made incriminating statements.

The district court found Dean guilty of domestic abuse assault impeding air or blood flow causing bodily injury. *See* Iowa Code § 708.2A(5) (2019). On appeal, Dean challenges the sufficiency of the evidence supporting the court's finding of guilt. He contends "[t]he evidence at trial was murky at best as to what happened." He cites the woman's equivocal testimony.

The district court "largely disregarded" the woman's testimony, as was its prerogative. *See State v. Lopez*, 633 N.W.2d 774, 785–86 (Iowa 2001) ("Here, the issue of credibility of the witnesses was for the court to decide because it was the fact finder."); *State v. Morgan*, No. 16-1519, 2017 WL 2684353, at *2 (Iowa Ct. App. June 21, 2017) (citing district court's finding that the complaining witness's denial of strangulation during trial "was not credible"). The court reasoned:

> A lot of it was that she didn't remember. Other things she denied. Unfortunately, in the Court's experience, it's not unusual for victims of domestic assault to minimize or outright dispute attacks made upon them. Simply said, notwithstanding what [the woman] testified to in court, there'd be no logical reason for Mr. Dean to make the admissions that he made to the officers when he had been arrested if he hadn't, in fact, done so.

Those admissions included a statement that Dean "just choked [the woman] a little bit."

Dean asserts "use of the word 'choke' does not establish beyond a reasonable doubt that his actions impeded the air or blood flow or caused an injury." This court has consistently concluded otherwise. *See State v. Zwolanek*,

No. 19-1330, 2020 WL 2062113, at *2 (Apr. 29, 2020) (citing complaining witness's testimony that the defendant "chok[ed] her"); *State v. Green*, No. 18-1758, 2020 WL 1551138, at *3 (Iowa Ct. App. Apr. 1, 2020) (citing evidence that the defendant "choked [A.R.] out bad"); *State v. Richards*, No. 18-0522, 2019 WL 1057886, at *2, *9 (Iowa Ct. App. Mar. 6, 2019) (defining "choke" as "to check or block normal breathing of by compressing or obstructing the trachea or by poisoning or adulterating available air" and discerning sufficient evidence to support a finding that the defendant caused "some level of blood flow or breathing to be impeded" notwithstanding the complaining witness's testimony that "he tried to choke me again but I felt that I could breathe this time" (citations omitted)).

Dean's admission, together with photographs depicting a mark on the woman's neck as well as supporting testimony about the injury from the woman's daughter and a deputy sheriff, amounted to substantial evidence in support of the district court's finding of guilt. *See State v. Hearn*, 797 N.W.2d 577, 579–80 (Iowa 2011) (setting forth standard of review).

**AFFIRMED.**